FILED
May 15, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ wg
                              DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN CORONADO | § | |
| | § | CIVIL ACTION NO. 23-cv-1068-XR |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC, WAL-MART TEXAS LICENSING HOLDINGS, LLC, AND SAM'S WEST, INC. (D/B/A SAM'S CLUB #439 AND SAM'S EAST, INC. | § § § § § | |
| Defendants | § § | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES SUSAN CORONADO, hereinafter called Plaintiff, complaining of and about WAL-MART STORES TEXAS, LLC, WAL-MART TEXAS LICENSING HOLDINGS, LLC, AND SAM'S WEST, INC. (D/B/A SAM'S CLUB#439 AND SAM'S EAST, INC., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, SUSAN CORONADO, is an individual who is a resident of Bexar County, Texas.

2. Defendant, WAL-MART STORES TEXAS, LLC., is a foreign corporation, registered to conduct business in Texas and therefore may be served with process by serving its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **No service requested at this time.**

3. Defendant, WAL-MART TEXAS LICENSING HOLDINGS, LLC, is a Texas limited liability company, doing business in Texas and may be served with process by serving its registered

agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **No service requested at this time.**

4. Defendant, SAM'S WEST, INC., (D/B/A SAM'S CLUB #4939), is a foreign corporation, registered to conduct business in Texas and therefore may be served with process by serving its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **No service requested at this time.**

5. Defendant, SAM'S EAST, INC., is a foreign corporation, registered to conduct business in Texas and therefore may be served with process by serving its registered agent for service, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## MISNOMER/ALTER EGO

6. In the event any Parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification" or "misnomer" and/or such Parties are/were "alter egos" of Parties named herein. To that extent, Plaintiff asserts the alter ego doctrine and contends that all existing "corporate veils" should be pierced in the interest of justice to hold accountable all those who failed to operate their business(es) in accordance with customary terms and measures. Plaintiff will accordingly seek damages from any individual business-owner-Defendants who forfeited the typical corporate or business protections afforded to such entity.

## IV.
## RES IPSA LOQUITUR

7. Because Defendants were in exclusive control over the premises at the time of this injury, Plaintiff relies on the doctrine of *res ipsa loquitur* in that Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence and that the maintenance and safety of the floor were within the exclusive

control of the Defendants at the time the negligence occurred.

## REQUEST PURSUANT TO RULE 28

8. In the event that any Defendants are conducting business pursuant to a trade name or assumed name, then this suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that upon answering the Petition Defendants answer in their correct legal and/or assumed name(s).

## JURISDICTION AND VENUE

9. Venue is proper in this Court because all facts giving rise to this Civil Action occurred in San Antonio, Bexar County, Texas.

10. This court has jurisdiction over the parties because Defendants WAL-MART TEXAS LICENSING HOLDINGS, LLC is a foreign corporation conducting business in Texasnt.

11. This court has jurisdiction over the parties because Defendants WAL-MART STORES TEXAS, LLC, SAM'S WEST, INC., (D/B/A SAM'S CLUB #4939) and SAM'S EAST, INC. purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

13. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

# FACTS

14. On or about August 10, 2021, Plaintiff was an invitee at Defendants' store, Sam's Club #493, located at 3239 Goliad Rd, San Antonio, TX 78223. Plaintiff was walking in the store when she slipped and fell on water while giving out a receipt to Defendants' employee, before exiting the premises. There were no warning signs present or any other signs of caution near where the incident occurred. Plaintiff was unaware of the dangerous and slippery condition created by Defendants. The premises owned by Defendants was negligently maintained. On the date of the incident, the premises was under the custody and control of Defendants which resulted in severe injury to Plaintiff. Defendants failed to warn Plaintiff of the dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to the incident.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

15. At the time of the incident, Plaintiff was an invitee of Defendants and Defendants owed Plaintiff the utmost duty of care under the theory of premises liability.

16. Specifically, Defendants knew or could have discovered with a reasonable inspection the unreasonably dangerous condition of the floor and neither corrected it nor warned Plaintiff.

17. Defendants had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

18. Plaintiff's injuries were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty.

19. The negligent, careless, and reckless disregard of the duty of Defendants consisted of, but is not limited to, the following acts and omissions:

  A.  In that Defendants failed <u>to maintain</u> the premises, in a reasonably safe condition for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

  B.  In that Defendants failed to inspect the premises where the dangerous condition existed;

  C.  In that Defendants failed to correct the dangerous condition by taking reasonable measures to safeguard persons who shop on their premises to avoid the incident complained of;

  D.  In that Defendants failed to inform Plaintiff of the dangerous condition existing on the premises;

  E.  In that Defendants failed to properly and timely inspect the store's surrounding so as not to place the safety of others, including Plaintiff, at risk;

  F.  In that Defendants failed to provide appropriate job supervision;

  G.  In that Defendants failed to properly train its employees on proper job safety;

  H.  In that Defendants consciously disregarded the safety of others by failing to correct a reasonably discoverable dangerous condition;

  I.  In that Defendants caused the unreasonably dangerous condition; and

  J.  Other acts deemed negligent.

### IX.

**CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, AND TRAINING**

20. Plaintiff incorporates by reference all prior allegations contained herein.

21. In light of the Defendants' duty to hire/supervise/train competent employees, Plaintiff's negligence claim includes allegations of negligent hiring, supervision, and training against Defendants. In owning and/or operating the store in question (Sam's Club #4939), Defendants had a duty to ensure that their employees were properly hired, trained, and supervised before and while

performing any assigned job duties. These job duties certainly included, but were not limited to, cleaning the store's floors and ensuring they are free from any dangerous conditions.

22. Defendants breached their legal duty when they negligently hired/supervised/trained its employees. Defendants did not ensure its employees were properly trained nor did it ensure that its store's walkways were free from any dangerous conditions. Instead, Defendants allowed its employees to cause and permit dangerous conditions to exist without regard for the safety of patrons/invitees like Plaintiff. Defendants also intentionally and/or consciously disregarded the safety of patrons/invitees like Plaintiff by allowing its employees to be unaware of their surroundings, contrary to what safety protocols demand.

23. Defendants also failed to properly supervise the employees responsible for performing required safety inspections and/or failed to properly train such employees on the procedure(s) for reasonably inspecting for and identifying potential safety hazards (e.g., the proper procedure, if any, for cleaning and maintaining walkways free from dangerous conditions).

24. Defendants' failure to hire/supervise/train competent employees constituted a breach of the duty of care owed to invitees like Plaintiff and directly and proximately caused the incident in question and Plaintiff's subsequent injuries.

## X.

## CAUSE OF ACTION: PREMISES LIABILITY

25. Plaintiff incorporates by reference all prior allegations contained herein.

26. In the alternative, without waiving any cause of action alleged above, Plaintiff alleges a premises liability claim against Defendants as they were the premises owner, occupier (or controller) and are responsible for exercising reasonable care to protect store patrons like Plaintiff

(an invitee) from dangerous conditions that were either, caused by Defendants, known to Defendants and/or reasonably discoverable by Defendants. In other words, Defendants had a duty to (1) protect its patrons from reasonably foreseeable injuries and (2) exercise reasonable care so as to reduce or eliminate the possibility of an unreasonable risk of harm on the premises. This duty includes the duty to inspect and the duty to warn or cure.

27. Here, the water-like substance Defendants spilled onto the floor created a dangerous condition (i.e., a fall hazard). Plaintiff was unaware of the dangerous slippery condition created by the Defendants' employees. Such a condition on Defendants' premises (or the premise under Defendants' control) posed an unreasonable risk of harm.

28. Defendants had actual knowledge of the hazard/dangerous conditions as the hazard/dangerous condition was caused by Defendants' employees and therefore their knowledge is imputed onto Defendants. Alternatively, Defendants knew or reasonably should have known of the unreasonably dangerous condition after reasonable inspection. As a matter of routine, Defendants should have (1) known of the dangerous condition, (2) taken corrective action in a timely manner, and (3) provided proper notice to employees and customers frequenting the area.

29. Unfortunately, Defendants failed to use ordinary care in ensuring that their premises did not present a danger to Plaintiff by:

      A      Failing to maintain the pathways of walking areas located within the store's premises in a reasonably safe manner;

      B.      Failing to properly train, supervise, manage, and control its employees responsible for maintaining the floor and pathways of the store;

      C.      Failing to warn Plaintiff of a known danger;

      D.      Failing to provide Plaintiff a safe place to walk;

      E.      Failing to properly and timely inspect Defendants' surroundings so as not to place the safety of others, including Plaintiff, at risk;

      F.      Failing to provide appropriate job supervision;

      G.      Failing to properly train its employees on proper job safety; and

      H.      Failing to correct a reasonably discoverable dangerous condition.

30. All of the above acts and/or omissions, individually, or in combination, represent a breach of duties owed and directly and proximately caused the damages sustained by Plaintiff.

## XI.
## CAUSE OF ACTION: NEGLIGENT UNDERTAKING

31. Plaintiff incorporates by reference all prior allegations contained herein.

32. Defendants undertook the duty to perform services that they knew or should have known were necessary for Plaintiff's protection for example, Defendants' operations required maintaining and upkeeping the areas wherein Plaintiff was injured.

33. Defendants breached these undertaken duties and increased Plaintiff's risk of harm by causing dangerous conditions when they should have been preventing them. As a direct and proximate result thereof, Plaintiff sustained injuries after relying on Defendants' performance of such services to her detriment.

## XII.
## DAMAGES FOR PLAINTIFF SUSAN CORONADO

34. As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendant caused Plaintiff to suffer bodily injury, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in BEXAR County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future

G.   Mental anguish in the past; and

H.   Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff SUSAN CORONADO respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Stanley and Associates, PLLC
2600 K Avenue, Suite 180
Plano, TX 75074
Tel. (214) 570-4944
Fax (214) 540-4561

By:    */s/ Dustin Brown*
Dustin Brown
Texas Bar No. 24076985
dustin@seriousinjury.legal
Attorney for Plaintiff